# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60723

TIA SAUCIER

Plaintiff - Appellant

v.

COLDWELL BANKER JOSEPH M ENDRY REALTY; JOSEPH M ENDRY;
CLARA PLUMMER; TONYA ZIMMERN; SANDRA K SANCHEZ; ANDREA
PIPPEN; CELESTE M LACY; HANNAH W STANLEY; TIMOTHY J
NORRBOM; MYRA BLACKBURN

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-686

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tia Saucier ("Saucier") appeals from the district court's dismissal of her claims for disgorgement of real estate commissions under Mississippi Code Annotated § 73-35-31(2) based on lack of standing. She also assigns as error the district court's failure to consider certain affidavits. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    Factual and Procedural Background

Saucier obtained a Florida and Mississippi real estate license in 1994 and 2002, respectively.  In 2003, Saucier was hired by Coldwell Banker JME Realty Company ("JME") as a real estate sales associate at the Legacy Condominiums located in Gulfport, Mississippi.  JME was retained as the real estate broker to market and sell the Legacy units preconstruction.  Saucier entered into multiple agreements with JME regarding their obligations.

Later, Saucier believed that JME and JME employees had been engaging in the marketing and sale of the Legacy condominiums without Mississippi licensure, in violation of Mississippi laws.  Saucier resigned her position and requested payment of commissions from the sales of Legacy units.  Saucier also filed a complaint with the Mississippi Real Estate Commission, which found that certain parties had violated Mississippi laws.  Saucier argued that Defendants hired her to use her position to comply with Mississippi real estate law without giving her proper support and the opportunity to make sales.

The Defendants moved for summary judgment.  After considering the rules of statutory construction, the district court determined that Saucier did not qualify as a person aggrieved.  The district court stated that "it is not reasonable to consider Plaintiff as a 'person aggrieved.'  A holding of this nature would either leave those persons who actually paid the foreign agent without recourse, or would open the proverbial floodgates of litigation and leave foreign agents subject to endless lawsuits for the same conduct."  The court concluded that Saucier lacked standing under § 73-35-31(2).

Saucier had submitted affidavits to support her claim that she qualified as a person aggrieved under Mississippi Code Annotated § 73-35-31(2).  The district court struck the affidavits which Saucier submitted in support of her § 73-35-31(2) claims because they offered legal conclusions and interpretations.

Saucier challenges both of these rulings on appeal.

## II. Standard of Review

"This court reviews a district court's legal conclusions, including the decision whether to grant a summary judgment motion, de novo." Texas v. United States, 497 F.3d 491, 495 (5th Cir. 2007) (citing Garcia v. LumaCorp, Inc., 429 F.3d 549, 553 (5th Cir. 2005)). We also review issues of standing and statutory interpretation de novo. Id. We review a district court's factual findings, including those on which the court based its legal conclusions, for clear error. Id. (citation omitted).

## III. Discussion

Saucier contends that she is entitled to relief under the following statute:

> In case any person, partnership, association or corporation shall have received any sum of money, or the equivalent thereto, as commission, compensation or profit by or in consequence of his violation of any provision of this chapter, such person, partnership, association or corporation shall also be liable to a penalty of not less than the amount of the sum of money so received and not more than four (4) times the sum so received, as may be determined by the court, which penalty may be sued for and recovered by any person aggrieved and for his use and benefit, in any court of competent jurisdiction.

MISS. CODE ANN. § 73-35-31(2). Saucier argues that Defendants "illegally usurped commissions to which she would have been entitled under Mississippi law," and therefore, she is a person aggrieved for purposes of the statute.

We find that the district court properly applied the rules of statutory construction and correctly concluded that Saucier lacked standing under § 73-35-31(2). See Leary v. Stockman, 937 So. 2d 964, 974 (Miss. Ct. App. 2006) ("Although [the plaintiff] is undoubtedly 'aggrieved' by the factual circumstances, that does not necessarily mean he qualifies as a 'person aggrieved' by [a defendant's] unlicensed real estate transaction within the context of Section 73-35-31. Rather, he was aggrieved by [a defendant's] alleged

breach of contract."). We also find no error in the district court's decision to strike the affidavits.

IV. Conclusion

We affirm the district court's rulings. Saucier also requested that we consider the issue of the admissibility of certain evidence in a future trial if we reverse the decision of the district court and find that Saucier has standing. Because we do not reverse the district court's finding, we need not address this issue. For the foregoing reasons, we AFFIRM.